*Filed in Open Court*
*5/12/08 JMF*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 08-22-SLR |
| ) | |
| VALERIANO ORTIZ-FLORES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Valeriano Ortiz-Flores, by and through the defendant's attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to the one count Indictment charging Reentry After Deportation, a violation of Title 8, United States Code, Section 1326(a) and (b)(1), which carries a maximum penalty of ten years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

2. The elements of Reentry After Deportation are as follows:

    (a) the defendant was deported from the United States;

    (b) after deportation the defendant knowingly returned to the United States;

(c) the defendant returned to the United States without the permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security; and

(d) at the time the defendant returned to the United States he was not a citizen of the United States.

3. The defendant agrees to pay the special assessment of $100 at the time of sentencing. Should the defendant fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a

2

2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the offense level is 16 or greater, the United States will moved for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

6. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_Eleni Kousoulis for_
Luis A. Ortiz, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

_Valeriano Ortiz_
Valeriano Ortiz-Flores
Defendant

Dated: 5-12-08

AND NOW this ___6th___ day of ___May___, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
United States District Court

3